**SHAPIRO, CROLAND, REISER, APFEL & DI IORIO, LLP**
**Attorneys at Law**
Continental Plaza II
411 Hackensack Avenue
Hackensack, New Jersey 07601
(201) 488-3900
(201) 488-9481 (Fax)
Attorneys for Capstone Fund FBA-1, LLC

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | : |
| | : |
| CNA of Eliz, Inc., | : |
| | : |
| Debtor. | : |
| | : |
| | : |

Case No. 11-25207-RG
Chapter 11

MOTION OF CAPSTONE FUND FBA-1, LLC FOR TURNOVER OF RENTS AND
TO ENJOIN DEBTOR'S USE OF CASH COLLATERAL

The Motion of Capstone Fund FBA-1, LLC ("Capstone") respectfully represents:

## BACKGROUND

1.     On May 16, 2011, Debtor filed its petition pursuant to Chapter 11 of the

Bankruptcy Code (the "Petition"). (See document #1 on the docket).

2.     The background of the loans held by Capstone, together with copies of the

documents evidencing the obligations from Debtor to Capstone, are contained in the

Certification of Robert Friedberg filed in support of Capstone's motion to dismiss the bankruptcy

case as a bad faith filing. ("Friedberg Cert."). (See Documents No. 13).

3.     As set forth in the Friedberg Cert., as of the filing of the Petition, a foreclosure

sale of Debtor's real property located at 1047-1049 Elizabeth Avenue, a mixed use

commercial/residential property (the "Elizabeth Ave. Property") was scheduled for May 18,

2011, and a foreclosure sale of the Debtor's real property located at 1152-1160 East Broad Street, Elizabeth, New Jersey (the "East Broad Street Property") (collectively the "Properties") was scheduled for June 8, 2011. (Friedberg Cert. ¶17). The Debtor has already exhausted it statutory adjournments of the sale and been denied a further stay for the state court. Id.

4.    In connection with the two mortgage loans held by Capstone, the Debtor executed Assignments of Leases and Rents. See copies of Assignments of Leases and Rents annexed as Exhibits "A" and "B".

5.    The Assignments provide for an absolute assignment to Capstone of all rents derived from the Properties, and conveys to the Debtor a license to continue to collect the rents provided that the Debtor is not in default on the loans. The Assignments provide that "[g]rantor hereby assigns, transfers, grants, sets over and conveys to Lender all of Grantor's right, title and interest in and to the Leases and Rents" from the property. It further provides that "[t]his is an absolute assignment of Leases and Rents . . .".

6.    The Assignments grant the Debtor a license to collect the rents and to apply the rents in payment of all outstanding obligations relating to the property, which license is revoked upon a default under the loan documents.

7.    On or about May 23, 2011, Capstone notified the Debtor that it did not consent to the use of Capstone's cash collateral. (See letter dated May 23, 2011 annexed as Exhibit "A" to Capstone's Application for an Order Shortening Time filed herewith). Debtor has failed to respond to the letter and has not sought authority to use cash collateral.

8.    Debtor previously provided to Capstone rent rolls for the Properties, copies of which are annexed as Exhibits "C" and "D". The rent rolls reflect that monthly rents on the

Elizabeth Avenue Property are $7,400 and the monthly rents on the East Broad Street Property

are $9,015.00.

## BASIS FOR MOTION

**A.**     **The Rents Are Not Property of the Bankruptcy Estate and Are Not Available for Debtors Use.**

9.     It is well settled that an absolute assignment of rents under New Jersey law

transfers title to the assignee upon its execution, and such rents are not property of the Debtor's

estate. See First Fidelity Bank, N.A. v. Jason Realty, L.P., 59 F.3d 423, 427 (3d Cir. 1995); In re

Carretta, 220 B.R. 203, 208 (D.N.J. 1998).  An assignment is absolute if it demonstrates an intent

to immediately transfer the assignor's right and title to the rents.  Jason Realty at 427 (citations

omitted).

10.     Capstone's assignments are unambiguous and consistent with Jason Realty.

Pursuant thereto, there was an absolute assignment of the subject rents from the Debtor to the

lender.  Accordingly, Capstone requests that the Court enter an order determining that the rents

are not property of the estate.  Capstone further requests that the Court order: (i) that the Debtor

account for all of the rents collected from the Properties post petition; and (ii) requiring the

Debtor to turn over the rents collected post petition to Capstone.

**B.**     **Even if the Rents Were Considered Cash Collateral, Debtor Should Not Be Permitted to Use Them Without Authority of the Court.**

11.     Pursuant to section 363(a) of the Bankruptcy Code, the term "cash collateral" is

defined as:

...[C]ash, negotiable instruments, documents of title, securities, deposit accounts, or
other cash equivalent whenever acquired in which the estate and an entity other than
the estate have an interest and includes the proceeds, products, offspring, rents, or
profits of property subject to a security interest as provided in section 552(b) of this
title, whether existing before or after the commencement of the case under this title.
11 U.S.C. § 363(a).

204498

As set forth above, Capstone has a valid perfected and enforceable security interest in and first priority lien upon the Properties, and all monies arising therefrom, including any and all rents generated by the Property pre-petition and/or post-petition. Therefore, assuming that the Court finds that the rents are property of the estate, under section 363(a) of the Bankruptcy Code, any rents generated from the Properties constitute Capstone's "cash collateral."

12.     Pursuant to section 363(c)(2) of the Bankruptcy Code, Cash Collateral may not be used by a debtor without the express consent of the parties in interest or an order of the court authorizing such use. *See* 11 U.S.C. § 363(c)(2). The burden is placed upon a debtor to substantiate with "clear and convincing evidence" that its secured creditors' interest will be adequately protected upon the debtor's use of the cash collateral. *In re O.P. Held, Inc.*, 74 B.R. 777, 784 (Bankr. N.D.N.Y 1987). Adequate protection may be provided in various forms, including (i)"cash payment or periodic cash payments"; (ii) "additional or replacement liens"; and/or (iii) the "indubitable equivalent." 11 U.S.C. § 361.

13.     Debtor has failed to file an application with the Court to demonstrate that the requirements of section 362(c)(2) are met, and is disregarding its obligation to do so, further evidencing that the Petition was filed solely to delay the foreclosure sales of the Properties.

14.     In fact, as asserted in the Motion to Dismiss, Debtor has no reasonable possibility of confirming of plan.

15.     Accordingly, the Debtor should be enjoined from using the rents and should be directed to segregate any and all rents collected to be held in escrow pending further order of the Court.

WHEREFORE, applicant requests entry of the order submitted herewith.

SHAPIRO, CROLAND, REISER,
APFEL & DI IORIO, LLP
Attorneys for Capstone Fund FBA-1, LLC

By: _____
David O. Marcus

Date: May 26, 2011

204498

# EXHIBIT A

RECORDATION REQUESTED BY:
First BankAmericano
MAIN OFFICE
339 NORTH BROAD STREET
ELIZABETH, NJ 07208

WHEN RECORDED MAIL TO:
First BankAmericano
MAIN OFFICE
339 NORTH BROAD STREET
ELIZABETH, NJ 07208

SEND TAX NOTICES TO:
First BankAmericano
MAIN OFFICE
339 NORTH BROAD STREET
ELIZABETH, NJ 07208

Received & Recorded    Mortgage-2
Union County, NJ    Inst#    408889
7/07/2006 15:00    Pge-5
Joanne Rajoppi    Consider.    .00
County Clerk    RT Fee    .00
Operator
BRADLEY

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE ONLY

# ASSIGNMENT OF LEASES AND RENTS

**THIS ABSOLUTE ASSIGNMENT OF LEASES AND RENTS** dated June 29, 2006, is made and executed between **C.N.A. of ELIZABETH, INC.,** whose address is **79 EAST JERSEY STREET, ELIZABETH, NJ 07206** (referred to below as "Grantor") and **First BankAmericano,** whose address is **339 NORTH BROAD STREET, ELIZABETH, NJ 07208** (referred to below as "Lender").

**ASSIGNMENT.** For valuable consideration, Grantor hereby assigns, transfers, grants, sets over and conveys to Lender all of Grantor's right, title, and interest in and to the Leases and Rents from the following described Property located in UNION County, State of New Jersey:

PURCHASE MONEY MORTGAGE ON INVESTMENT PROPERTY LOCATED AT 1047 ELIZABETH AVENUE, ELIZABETH, NEW JERSEY 07201, BLOCK 9 LOT 471.

The Property or its address is commonly known as **1047 ELIZABETH AVENUE, ELIZABETH, NJ 07206.** The Property tax identification number is BLOCK 9  LOT 470.

This is an absolute assignment of Leases and Rents made in connection with an obligation secured by Property.

**CROSS-COLLATERALIZATION.** In addition to the Note, this Assignment secures all obligations, debts and liabilities, plus interest thereon, of Grantor to Lender, or any one or more of them, as well as all claims by Lender against Grantor or any one or more of them, whether now existing or hereafter arising, whether related or unrelated to the purpose of the Note, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated, whether Grantor may be liable individually or jointly with others, whether obligated as guarantor, surety, accommodation party or otherwise, and whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations, and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable. (Initial Here _____ )

THIS ASSIGNMENT IS GIVEN IN CONNECTION WITH GRANTOR'S AGREEMENTS REGARDING (1) PAYMENT OF THE INDEBTEDNESS AND (2) PERFORMANCE OF ANY AND ALL OBLIGATIONS OF GRANTOR UNDER THE NOTE, THIS ASSIGNMENT, AND THE RELATED DOCUMENTS. THIS ASSIGNMENT IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

**PAYMENT AND PERFORMANCE, LICENSE TO COLLECT.** Except as otherwise provided in this Assignment or any Related Documents, Grantor shall strictly perform all of Grantor's obligations under this Assignment. So long as there shall exist no Event of Default hereunder or under the Note or any Related Documents, there is reserved to the Grantor a license to collect as they become due, but not prior to accrual, all rents, income, issues and profits from the Property and the proceeds of rent and other insurance and to retain, use and enjoy the same and to apply such rents, issues, income and profits, to the payment of (A) the cost of all such alterations, renovations, repairs, replacements and maintenance and expenses incident to taking an retaining possession of the Property and the management and operation thereof, and keeping the same insured, (B) all taxes, charges, claims, assessments, water rents, sewer rents and any other liens on the Property, and premiums for said insurance, with interest on all such items and (C) the repayment of the Indebtedness herein described when due and payable, together with all costs and reasonable attorneys' fees, before using any part of the same for any other purpose. Upon the occurrence of an Event of Default under this Assignment, the Note or any Related Documents, such license granted to the Grantor shall be immediately revoked without further demand or notice from the Lender.

**GRANTOR'S REPRESENTATIONS AND WARRANTIES WITH RESPECT TO THE LEASES AND RENTS.** With respect to the Leases and Rents, Grantor represents and warrants to Lender that:

**Ownership.** Grantor is entitled to receive the Leases and Rents free and clear of all rights, loans, liens, encumbrances, and claims except as disclosed to and accepted by Lender in writing.

**Right to Assign.** Grantor has the full right, power and authority to enter into this Assignment and to assign and convey the Leases and Rents to Lender.

**No Prior Assignment.** Grantor has not previously assigned or conveyed the Leases and Rents to any other person by any instrument now in force.

**No Further Transfer.** Grantor shall not alter, modify or change the terms of said Leases without Lender's prior written consent. At Lender's request, Grantor shall assign and transfer to Lender any and all subsequent Leases upon all or any part of the premises described in said Leases

**ASSIGNMENT OF LEASES AND RENTS**
**(Continued)**

Loan No: 150010249    Page 2

or said Related Documents and shall execute and deliver all such further assurances and assignments in the Property as Lender shall from time to time require.

**No Default.** The leases are in full force and effect and have not been amended, modified or terminated. No Event of Default (or event which with the giving of notice or passage of time would be an Event of Default) has occurred.

**LENDER'S RIGHT TO COLLECT LEASES AND RENTS.** Notwithstanding the provisions hereof under the heading "Payment and Performance; License to Collect," Lender is hereby given and granted the following rights, powers and authority:

**Notice to Tenants.** Lender may send notices to any and all tenants of the Property advising them of this Assignment and directing all Leases and Rents to be paid directly to Lender or Lender's agent.

**Enter the Property; Collect Leases and Rents.** Lender may enter upon and take possession of the Property; demand, collect and receive from the tenants or from any other persons liable therefor, all of the Leases and Rents; institute and carry on all legal proceedings necessary for the protection of the Property, including such proceedings as may be necessary to recover possession of the Property; collect the Leases and Rents and remove any tenant or tenants or other persons from the Property. Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Maintain the Property.** Lender may enter upon the Property to maintain the Property and keep the same in repair; to pay the costs thereof and of all services of all employees, including their equipment, and of all continuing costs and expenses of maintaining the Property in proper repair and condition, and also to pay all taxes, assessments and water utilities, and the premiums on fire and other insurance effected by Lender on the Property.

**Compliance with Laws.** Lender may do any and all things to execute and comply with the laws of the State of New Jersey and also all other laws, rules, orders, ordinances and requirements of all other governmental agencies affecting the Property.

**Lease the Property.** Lender may rent or lease the whole or any part of the Property for such term or terms and on such conditions as Lender may deem appropriate.

**Employ Agents.** Lender may engage such agent or agents as Lender may deem appropriate, either in Lender's name or in Grantor's name, to rent and manage the Property, including the collection and application of Leases and Rents.

**Other Acts.** Lender may do all such other things and acts with respect to the Property as Lender may deem appropriate and may act exclusively and solely in the place and stead of Grantor and to have all of the powers of Grantor for the purposes stated above.

**No Requirement to Act.** Lender shall not be required to do any of the foregoing acts or things, and the fact that Lender shall have performed one or more of the foregoing acts or things shall not require Lender to do any other specific act or thing.

**APPLICATION OF LEASES AND RENTS.** All costs and expenses incurred by Lender in connection with the Property shall be for Grantor's account and Lender may pay such costs and expenses from the Leases and Rents. Lender, in its sole discretion, shall determine the application of any and all Leases and Rents received by it; however, any such Leases and Rents received by Lender which are not applied to such costs and expenses shall be applied to the Indebtedness. All expenditures made by Lender under this Assignment and not reimbursed from the Leases and Rents shall become a part of the Indebtedness, and shall be payable on demand, with interest at the Note rate from date of expenditure until paid.

**FULL PERFORMANCE.** If Grantor pays all of the Indebtedness when due and otherwise performs all the obligations imposed upon Grantor under this Assignment, the Note, and the Related Documents, this Assignment shall become void with no further force and effect and Lender shall execute and deliver to Grantor a suitable satisfaction of this Assignment. Any termination fee required by law shall be paid by Grantor, if permitted by applicable law.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Grantor fails to comply with any provision of this Assignment or any Related Documents, including but not limited to Grantor's failure to discharge or pay when due any amounts Grantor is required to discharge or pay under this Assignment or any Related Documents, Lender on Grantor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Leases and Rents or the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**DEFAULT.** Each of the following, at Lender's option, shall constitute an Event of Default under this Assignment:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

**Other Defaults.** Grantor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Assignment or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Grantor.

**Default on Other Payments.** Failure of Grantor within the time required by this Assignment to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Default in Favor of Third Parties.** Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Grantor's property or Grantor's ability to perform Grantor's obligations under this Assignment or any of the Related Documents.

**Environmental Default.** Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with the Property.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Assignment or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

MI1759-0096

## ASSIGNMENT OF LEASES AND RENTS
### (Continued)

**Defective Collateralization.** This Assignment or any of the Related Documents ceases to be in full force and effect (including failure of any Related Documents to create a valid and perfected security interest or lien) at any time and for any reason.

**Insolvency.** The dissolution or termination of Grantor's existence as a going business, the insolvency of Grantor, the appointment of a receiver for any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Grantor or by any governmental agency against the Leases and Rents or any property securing the Indebtedness. This includes a garnishment of any of Grantor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Property Damage or Loss.** The Property is lost, stolen, substantially damaged, sold, or borrowed against.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness. In the event of a death, Lender, at its option, may, but shall not be required to, permit the Guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender, and, in doing so, cure any Event of Default.

**Adverse Change.** A material adverse change occurs in Grantor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if Grantor has not been given a notice of a breach of the same provision of this Assignment within the preceding twelve (12) months, it may be cured if Grantor, after receiving written notice from Lender demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** Upon the occurrence of any Event of Default and at any time thereafter, Lender may exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:

**Accelerate Indebtedness.** Lender shall have the right at its option, subject to any notice or right to cure requirements that may be applicable, to declare the entire Indebtedness immediately due and payable, including any prepayment penalty which Grantor would be required to pay.

**Collect Leases and Rents.** Lender shall have the right, without notice to Grantor, to take possession of the Property and collect the Leases and Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Leases and Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Other Remedies.** Lender shall have all other rights and remedies provided in this Assignment, the Note, the other Related Documents or by law.

**Election of Remedies.** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Assignment, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Assignment, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including reasonable attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Assignment:

**Amendments.** This Assignment, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Assignment. No alteration of or amendment to this Assignment shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Caption Headings.** Caption headings in this Assignment are for convenience purposes only and are not to be used to interpret or define the provisions of this Assignment.

**Governing Law. This Assignment will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of New Jersey without regard to its conflicts of law provisions. This Assignment has been accepted by Lender in the State of New Jersey.**

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of UNION County, State of New Jersey.

**Merger.** There shall be no merger of the interest or estate created by this assignment with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Interpretation.** (1)  In all cases where there is more than one Borrower or Grantor, then all words used in this Assignment in the singular shall be

## ASSIGNMENT OF LEASES AND RENTS
Loan No: 150010249 (Continued) **Page 4**

deemed to have been used in the plural where the context and construction so require. (2) If more than one person signs this Assignment as "Grantor," the obligations of each Grantor are joint and several. This means that if Lender brings a lawsuit, Lender may sue any one or more of the Grantors. If Borrower and Grantor are not the same person, Lender need not sue Borrower first, and that Borrower need not be joined in any lawsuit. (3) The names given to paragraphs or sections in this Assignment are for convenience purposes only. They are not to be used to interpret or define the provisions of this Assignment.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Assignment unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Assignment shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Assignment. No prior waiver by Lender, nor any course of dealing between Lender and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Assignment, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Non-Liability of Lender.** The relationship between Grantor and Lender created by this Assignment is strictly a debtor and creditor relationship and not fiduciary in nature, nor is the relationship to be construed as creating any partnership or joint venture between Lender and Grantor.

**Notices.** Any notice required to be given under this Assignment shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Assignment. Any party may change its address for notices under this Assignment by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors.

**Severability.** If a court of competent jurisdiction finds any provision of this Assignment to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Assignment. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Assignment shall not affect the legality, validity or enforceability of any other provision of this Assignment.

**Successors and Assigns.** Subject to any limitations stated in this Assignment on transfer of Grantor's interest, this Assignment shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Assignment and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Assignment or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Assignment. This means that all deadlines for performance provided under this Assignment must be strictly complied with and that failure to do so will result in a default.

**Waive Jury.** All parties to this Assignment hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party. (Initial Here ▨▨▨ *A-A* ▨ )

**WAIVER OF RIGHT OF REDEMPTION.** NOTWITHSTANDING ANY OF THE PROVISIONS TO THE CONTRARY CONTAINED IN THIS ASSIGNMENT, GRANTOR HEREBY WAIVES ANY AND ALL RIGHTS OF REDEMPTION FROM SALE UNDER ANY ORDER OR JUDGMENT OF FORECLOSURE ON GRANTOR'S BEHALF AND ON BEHALF OF EACH AND EVERY PERSON, EXCEPT JUDGMENT CREDITORS OF GRANTOR, ACQUIRING ANY INTEREST IN OR TITLE TO THE PROPERTY SUBSEQUENT TO THE DATE OF THIS ASSIGNMENT.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Assignment. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Assignment shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Assignment.** The word "Assignment" means this ASSIGNMENT OF LEASES AND RENTS, as this ASSIGNMENT OF LEASES AND RENTS may be amended or modified from time to time, together with all exhibits and schedules attached to this ASSIGNMENT OF LEASES AND RENTS from time to time.

**Borrower.** The word "Borrower" means C.N.A. of ELIZ. INC..

**Default.** The word "Default" means the Default set forth in this Assignment in the section titled "Default".

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Assignment in the default section of this Assignment.

**Grantor.** The word "Grantor" means C.N.A. of ELIZ. INC..

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Lender to enforce Grantor's obligations under this Assignment, together with interest on such amounts as provided in this Assignment. Specifically, without limitation, Indebtedness includes all amounts that may be indirectly secured by the Cross-Collateralization provision of this Assignment.

**Leases and Rents.** The words "Leases and Rents" mean all of Grantor's present and future rights, title and interest in, to and under any and all present and future leases, including, without limitation, all rents, revenue, income, issues, royalties, bonuses, accounts receivable, cash or security deposits, advance rentals, insurance proceeds, profits and proceeds from the Property, and other payments and benefits derived or to be derived from such leases of every kind and nature, whether due now or later, including without limitation Grantor's right to enforce such leases and to receive and collect payment and proceeds thereunder.

**Lender.** The word "Lender" means First BankAmericano, its successors and assigns.

M11759-0098

## ASSIGNMENT OF LEASES AND RENTS
(Continued)

Loan No: 150010249                                                                                    Page 5

**Note.** The word "Note" means the promissory note dated June 29, 2006, **in the original principal amount of $318,750.00** from Grantor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement.

**Property.** The word "Property" means all of Grantor's right, title and interest in and to all the Property as described in the "Assignment" section of this Assignment.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

THE UNDERSIGNED ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS ASSIGNMENT, AND NOT PERSONALLY BUT AS AN AUTHORIZED SIGNER, HAS CAUSED THIS ASSIGNMENT TO BE SIGNED AND EXECUTED ON BEHALF OF GRANTOR ON JUNE 29, 2006.

GRANTOR:

C.N.A. OF ELIZ. INC.

By: _____
ANITA ALVAREZ, President of C.N.A. of ELIZ. INC.

---

## CORPORATE ACKNOWLEDGMENT

STATE OF ___NEW JERSEY___ )
                                                    ) SS
COUNTY OF ___UNION___                )

BE IT REMEMBERED that on this ___29___ day of ___June___, 20 ___06___, before me, the subscriber, personally appeared **ANITA ALVAREZ, President of C.N.A. of ELIZ. INC.** who, I am satisfied, is the person who signed the within instrument, and he or she acknowledged that he or she signed, sealed with the corporate seal and delivered the same as such officer aforesaid, and that the within instrument is the voluntary act and deed of such corporation, made by virtue of a resolution of its Board of Directors.

*AND IS AUTHORIZED TO DO SO*

[Notary Public]

*JOSEPH C SANTORIQUPD*
*ATTORNEY AT LAW OF N J*

LASER PRO Lending, Ver. 5.30.00.004  Copr. Harland Financial Solutions, Inc. 1997, 2006.  All Rights Reserved.  - NJ  C:\LPD\WIN\CFI\CFALPL\G14.FC  TR-846  PR-4

ALBERTO ULLOA ESQ                                  Inst.#
1 435 MORRIS AVE                                    408889
3RD FLOOR
UNION                          NJ  07083            Paid
                                      Recording Fee  80.00
Mortgage                              RT Fee         .00

## END OF DOCUMENT

# CHICAGO TITLE INSURANCE COMPANY

### TITLE INSURANCE COMMITMENT
### SCHEDULE A
### LEGAL DESCRIPTION

**File Number: A-14402**                      **ADVANTAGE ABSTRACT, INC.**

**All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Elizabeth, County of Union State of New Jersey:**

TRACT ONE
BEGINNING at a point in the northeasterly line of Elizabeth Avenue distant 54.92 feet northwesterly from the northwesterly line of Prospect Street and running;

THENCE  (1) North 56 degrees 18 minutes West, along said northeasterly line of Elizabeth Avenue, 29.00 feet to a point;

THENCE  (2) North 21 degrees 30 minutes East, 136.21 feet to a point ;

THENCE  (3) South 67 degrees 23 minutes East, 41.26 feet to a point;

THENCE  (4) South 21 degrees 10 minutes West, 58.25 feet to a point;

THENCE  (5)  South 30 degrees 08 minutes West, 46.67 feet to a point;

THENCE  (6)  South 31 degrees 10 minutes West, 37.25 feet to the said northeasterly line of Elizabeth Avenue, being the point and place of BEGINNING.

TRACT TWO
BEGINNING at a point in the westerly line of Prospect Street, distant 151 feet northeasterly along the same from the intersection of the northerly line of Elizabeth Avenue and said westerly line of Prospect Street and running

THENCE (1) North 67 degrees 23 minutes West 39.29 feet to a point in the easterly line of Tract One;

THENCE (2) along the same South 21 degrees 10 minutes West 12 feet to a point;

THENCE (3) South 67 degrees 23 minutes East 39.29 feet to a point in said westerly line of Prospect Street;

THENCE (4) along the same North 21 degrees 10 minutes East 12 feet to the point of BEGINNING.

**NOTE FOR INFORMATION PURPOSES ONLY:** Tax Lot 471, Tax Block 9 in the City of Elizabeth, County of Union, State of New Jersey.

MI 1759-0095

# EXHIBIT B

RECORDATION REQUESTED BY:
First BankAmericano
MAIN OFFICE
339 NORTH BROAD STREET
ELIZABETH, NJ 07208

WHEN RECORDED MAIL TO:
First BankAmericano
MAIN OFFICE
339 NORTH BROAD STREET
ELIZABETH, NJ 07208

SEND TAX NOTICES TO:
First BankAmericano
MAIN OFFICE
339 NORTH BROAD STREET
ELIZABETH, NJ 07208

Received & Recorded    Mortgage-2
Union County, NJ       Inst#    408878
7/07/2006 14:33
Jeanne Rajoppi         Consider.        .00        Pgs-6
County Clerk           RT Fee           .00
Operator
BRADLEY

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE ONLY

## ASSIGNMENT OF LEASES AND RENTS

THIS ABSOLUTE ASSIGNMENT OF LEASES AND RENTS dated June 29, 2006, is made and executed between **C.N.A. of ELIZ. INC.**, whose address is 79 EAST JERSEY STREET, ELIZABETH, NJ 07206 (referred to below as "Grantor") and First BankAmericano, whose address is 339 NORTH BROAD STREET, ELIZABETH, NJ 07208 (referred to below as "Lender").

**ASSIGNMENT.** For valuable consideration, Grantor hereby assigns, transfers, grants, sets over and conveys to Lender all of Grantor's right, title, and interest in and to the Leases and Rents from the following described Property located in UNION County, State of New Jersey:

FIRST MORTGAGE ON INVESTMENT LOCATED AT 1152-1160 EAST BROAD STREET, ELIZABETH, NEW JERSEY 07208, BLOCK 12 LOT 252.

The Property or its address is commonly known as 1152-1160 EAST BROAD STREET, ELIZABETH, NJ 07208. The Property tax identification number is BLOCK 12 LOT 252.

This is an absolute assignment of Leases and Rents made in connection with an obligation secured by Property.

**CROSS-COLLATERALIZATION.** In addition to the Note, this Assignment secures all obligations, debts and liabilities, plus interest thereon, of Grantor to Lender, or any one or more of them, as well as all claims by Lender against Grantor or any one or more of them, whether now existing or hereafter arising, whether related or unrelated to the purpose of the Note, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated, whether Grantor may be liable individually or jointly with others, whether obligated as guarantor, surety, accommodation party or otherwise, and whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations, and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable. (Initial Here _____ )

THIS ASSIGNMENT IS GIVEN IN CONNECTION WITH GRANTOR'S AGREEMENTS REGARDING (1) PAYMENT OF THE INDEBTEDNESS AND (2) PERFORMANCE OF ANY AND ALL OBLIGATIONS OF GRANTOR UNDER THE NOTE, THIS ASSIGNMENT, AND THE RELATED DOCUMENTS. THIS ASSIGNMENT IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

**PAYMENT AND PERFORMANCE, LICENSE TO COLLECT.** Except as otherwise provided in this Assignment or any Related Documents, Grantor shall strictly perform all of Grantor's obligations under this Assignment. So long as there shall exist no Event of Default hereunder or under the Note or any Related Documents, there is reserved to the Grantor a license to collect as they become due, but not prior to accrual, all rents, income, issues and profits from the Property and the proceeds of rent and other insurance and to retain, use and enjoy the same and to apply such rents, issues, income and profits, to the payment of (A) the cost of all such alterations, renovations, repairs, replacements and maintenance and expenses incident to taking an retaining possession of the Property and the management and operation thereof, and keeping the same insured, (B) all taxes, charges, claims, assessments, water rents, sewer rents and any other liens on the Property, and premiums for said insurance, with interest on all such items and (C) the repayment of the Indebtedness herein described when due and payable, together with all costs and reasonable attorneys' fees, before using any part of the same for any other purpose. Upon the occurrence of an Event of Default under this Assignment, the Note or any Related Documents, such license granted to the Grantor shall be immediately revoked without further demand or notice from the Grantor.

**GRANTOR'S REPRESENTATIONS AND WARRANTIES WITH RESPECT TO THE LEASES AND RENTS.** With respect to the Leases and Rents, Grantor represents and warrants to Lender that:

**Ownership.** Grantor is entitled to receive the Leases and Rents free and clear of all rights, loans, liens, encumbrances, and claims except as disclosed to and accepted by Lender in writing.

**Right to Assign.** Grantor has the full right, power and authority to enter into this Assignment and to assign and convey the Leases and Rents to Lender.

**No Prior Assignment.** Grantor has not previously assigned or conveyed the Leases and Rents to any other person by any instrument now in force.

**No Further Transfer.** Grantor shall not alter, modify or change the terms of said Leases without Lender's prior written consent. At Lender's request, Grantor shall assign and transfer to Lender any and all subsequent Leases upon all or any part of the premises described in said Leases

## CHICAGO TITLE INSURANCE COMPANY

### TITLE INSURANCE COMMITMENT

### SCHEDULE A
### LEGAL DESCRIPTION

**File Number: A-14403**                    **ADVANTAGE ABSTRACT, INC.**

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Elizabeth, County of Union State of New Jersey:

BEGINNING at a point formed by the intersection of the southerly line of East Broad Street with the northerly line of Chestnut Street and running;

THENCE  (1) North 72 degrees 30 minutes East, along the said line of East Broad Street, 149.28 feet to a point;

THENCE  (2) South 33 degrees 28 minutes West, 112.64 feet to a point in the northerly line of Chestnut Street;

THENCE  (3) North 58 degrees 33 minutes West, along said line of Chestnut Street, 94.07 feet to the point and place of BEGINNING.

NOTE FOR INFORMATION PURPOSES ONLY: Tax Lot 252, Tax Block 12 in the City of Elizabeth, County of Union, State of New Jersey.

1

## ASSIGNMENT OF LEASES AND RENTS
### (Continued)

or said Related Documents and shall execute and deliver all such further assurances and assignments in the Property as Lender shall from time to time require.

**No Default.** The leases are in full force and effect and have not been amended, modified or terminated. No Event of Default (or event which with the giving of notice or passage of time would be an Event of Default) has occurred.

**LENDER'S RIGHT TO COLLECT LEASES AND RENTS.** Notwithstanding the provisions hereof under the heading "Payment and Performance; License to Collect," Lender is hereby given and granted the following rights, powers and authority:

**Notice to Tenants.** Lender may send notices to any and all tenants of the Property advising them of this Assignment and directing all Leases and Rents to be paid directly to Lender or Lender's agent.

**Enter the Property; Collect Leases and Rents.** Lender may enter upon and take possession of the Property; demand, collect and receive from the tenants or from any other persons liable therefor, all of the Leases and Rents; institute and carry on all legal proceedings necessary for the protection of the Property, including such proceedings as may be necessary to recover possession of the Property; collect the Leases and Rents and remove any tenant or tenants or other persons from the Property. Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Maintain the Property.** Lender may enter upon the Property to maintain the Property and keep the same in repair; to pay the costs thereof and of all services of all employees, including their equipment, and of all continuing costs and expenses of maintaining the Property in proper repair and condition, and also to pay all taxes, assessments and water utilities, and the premiums on fire and other insurance effected by Lender on the Property.

**Compliance with Laws.** Lender may do any and all things to execute and comply with the laws of the State of New Jersey and also all other laws, rules, orders, ordinances and requirements of all other governmental agencies affecting the Property.

**Lease the Property.** Lender may rent or lease the whole or any part of the Property for such term or terms and on such conditions as Lender may deem appropriate.

**Employ Agents.** Lender may engage such agent or agents as Lender may deem appropriate, either in Lender's name or in Grantor's name, to rent and manage the Property, including the collection and application of Leases and Rents.

**Other Acts.** Lender may do all such other things and acts with respect to the Property as Lender may deem appropriate and may act exclusively and solely in the place and stead of Grantor and to have all of the powers of Grantor for the purposes stated above.

**No Requirement to Act.** Lender shall not be required to do any of the foregoing acts or things, and the fact that Lender shall have performed one or more of the foregoing acts or things shall not require Lender to do any other specific act or thing.

**APPLICATION OF LEASES AND RENTS.** All costs and expenses incurred by Lender in connection with the Property shall be for Grantor's account and Lender may pay such costs and expenses from the Leases and Rents. Lender, in its sole discretion, shall determine the application of any and all Leases and Rents received by it; however, any such Leases and Rents received by Lender which are not applied to such costs and expenses shall be applied to the Indebtedness. All expenditures made by Lender under this Assignment and not reimbursed from the Leases and Rents shall become a part of the Indebtedness, and shall be payable on demand, with interest at the Note rate from date of expenditure until paid.

**FULL PERFORMANCE.** If Grantor pays all of the Indebtedness when due and otherwise performs all the obligations imposed upon Grantor under this Assignment, the Note, and the Related Documents, this Assignment shall become void with no further force and effect and Lender shall execute and deliver to Grantor a suitable satisfaction of this Assignment. Any termination fee required by law shall be paid by Grantor, if permitted by applicable law.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Grantor fails to comply with any provision of this Assignment or any Related Documents, including but not limited to Grantor's failure to discharge or pay when due any amounts Grantor is required to discharge or pay under this Assignment or any Related Documents, Lender on Grantor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Leases and Rents or the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will  (A)  be payable on demand;  (B)  be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either  (1)  the term of any applicable insurance policy; or  (2)  the remaining term of the Note; or  (C)  be treated as a balloon payment which will be due and payable at the Note's maturity.  Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**DEFAULT.** Each of the following, at Lender's option, shall constitute an Event of Default under this Assignment:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

**Other Defaults.** Grantor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Assignment or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Grantor.

**Default on Other Payments.** Failure of Grantor within the time required by this Assignment to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Default in Favor of Third Parties.** Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Grantor's property or Grantor's ability to perform Grantor's obligations under this Assignment or any of the Related Documents.

**Environmental Default.** Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with the Property.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Assignment or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

## ASSIGNMENT OF LEASES AND RENTS
### (Continued)

**Defective Collateralization.** This Assignment or any of the Related Documents ceases to be in full force and effect (including failure of any Related Documents to create a valid and perfected security interest or lien) at any time and for any reason.

**Insolvency.** The dissolution or termination of Grantor's existence as a going business, the insolvency of Grantor, the appointment of a receiver for any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Grantor or by any governmental agency against the Leases and Rents or any property securing the Indebtedness. This includes a garnishment of any of Grantor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Property Damage or Loss.** The Property is lost, stolen, substantially damaged, sold, or borrowed against.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness. In the event of a death, Lender, at its option, may, but shall not be required to, permit the Guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender, and, in doing so, cure any Event of Default.

**Adverse Change.** A material adverse change occurs in Grantor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if Grantor has not been given a notice of a breach of the same provision of this Assignment within the preceding twelve (12) months, it may be cured if Grantor, after receiving written notice from Lender demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** Upon the occurrence of any Event of Default and at any time thereafter, Lender may exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:

**Accelerate Indebtedness.** Lender shall have the right at its option, subject to any notice or right to cure requirements that may be applicable, to declare the entire Indebtedness immediately due and payable, including any prepayment penalty which Grantor would be required to pay.

**Collect Leases and Rents.** Lender shall have the right, without notice to Grantor, to take possession of the Property and collect the Leases and Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Leases and Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Other Remedies.** Lender shall have all other rights and remedies provided in this Assignment, the Note, the other Related Documents or by law.

**Election of Remedies.** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Assignment, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Assignment, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including reasonable attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Assignment:

**Amendments.** This Assignment, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Assignment. No alteration of or amendment to this Assignment shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Caption Headings.** Caption headings in this Assignment are for convenience purposes only and are not to be used to interpret or define the provisions of this Assignment.

**Governing Law. This Assignment will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of New Jersey without regard to its conflicts of law provisions. This Assignment has been accepted by Lender in the State of New Jersey.**

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of UNION County, State of New Jersey.

**Merger.** There shall be no merger of the interest or estate created by this assignment with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Interpretation.** (1) In all cases where there is more than one Borrower or Grantor, then all words used in this Assignment in the singular shall be

# ASSIGNMENT OF LEASES AND RENTS
## (Continued)

deemed to have been used in the plural where the context and construction so require. (2)  If more than one person signs this Assignment as "Grantor," the obligations of each Grantor are joint and several. This means that if Lender brings a lawsuit, Lender may sue any one or more of the Grantors. If Borrower and Grantor are not the same person, Lender need not sue Borrower first, and that Borrower need not be joined in any lawsuit. (3)  The names given to paragraphs or sections in this Assignment are for convenience purposes only. They are not to be used to interpret or define the provisions of this Assignment.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Assignment unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Assignment shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Assignment. No prior waiver by Lender, nor any course of dealing between Lender and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Assignment, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Non-Liability of Lender.** The relationship between Grantor and Lender created by this Assignment is strictly a debtor and creditor relationship and not fiduciary in nature, nor is the relationship to be construed as creating any partnership or joint venture between Lender and Grantor.

**Notices.** Any notice required to be given under this Assignment shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Assignment. Any party may change its address for notices under this Assignment by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors.

**Severability.** If a court of competent jurisdiction finds any provision of this Assignment to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Assignment. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Assignment shall not affect the legality, validity or enforceability of any other provision of this Assignment.

**Successors and Assigns.** Subject to any limitations stated in this Assignment on transfer of Grantor's interest, this Assignment shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Assignment and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Assignment or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Assignment. This means that all deadlines for performance provided under this Assignment must be strictly complied with and that failure to do so will result in a default.

**Waive Jury.** All parties to this Assignment hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party. (Initial Here _____ )

**WAIVER OF RIGHT OF REDEMPTION.** NOTWITHSTANDING ANY OF THE PROVISIONS TO THE CONTRARY CONTAINED IN THIS ASSIGNMENT, GRANTOR HEREBY WAIVES ANY AND ALL RIGHTS OF REDEMPTION FROM SALE UNDER ANY ORDER OR JUDGMENT OF FORECLOSURE ON GRANTOR'S BEHALF AND ON BEHALF OF EACH AND EVERY PERSON, EXCEPT JUDGMENT CREDITORS OF GRANTOR, ACQUIRING ANY INTEREST IN OR TITLE TO THE PROPERTY SUBSEQUENT TO THE DATE OF THIS ASSIGNMENT.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Assignment. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Assignment shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Assignment.** The word "Assignment" means this ASSIGNMENT OF LEASES AND RENTS, as this ASSIGNMENT OF LEASES AND RENTS may be amended or modified from time to time, together with all exhibits and schedules attached to this ASSIGNMENT OF LEASES AND RENTS from time to time.

**Borrower.** The word "Borrower" means C.N.A. of ELIZ. INC..

**Default.** The word "Default" means the Default set forth in this Assignment in the section titled "Default".

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Assignment in the default section of this Assignment.

**Grantor.** The word "Grantor" means C.N.A. of ELIZ. INC..

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Lender to enforce Grantor's obligations under this Assignment, together with interest on such amounts as provided in this Assignment. Specifically, without limitation, Indebtedness includes all amounts that may be indirectly secured by the Cross-Collateralization provision of this Assignment.

**Leases and Rents.** The words "Leases and Rents" mean all of Grantor's present and future rights, title and interest in, to and under any and all present and future leases, including, without limitation, all rents, revenue, income, issues, royalties, bonuses, accounts receivable, cash or security deposits, advance rentals, insurance proceeds, profits and proceeds from the Property, and other payments and benefits derived or to be derived from such leases of every kind and nature, whether due now or later, including without limitation Grantor's right to enforce such leases and to receive and collect payment and proceeds thereunder.

**Lender.** The word "Lender" means First BankAmericano, its successors and assigns.

## ASSIGNMENT OF LEASES AND RENTS
### (Continued)

Loan No: 150010256                                                                                          Page 5

**Note.**  The word "Note" means the promissory note dated June 29, 2006, **in the original principal amount of $652,000.00** from Grantor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement.

**Property.**  The word "Property" means all of Grantor's right, title and interest in and to all the Property as described in the "Assignment" section of this Assignment.

**Related Documents.**  The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

THE UNDERSIGNED ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS ASSIGNMENT, AND NOT PERSONALLY BUT AS AN AUTHORIZED SIGNER, HAS CAUSED THIS ASSIGNMENT TO BE SIGNED AND EXECUTED ON BEHALF OF GRANTOR ON JUNE 29, 2006.

GRANTOR:

C.N.A. OF ELIZ. INC.

By:
    Authorized Signer for C.N.A. of ELIZ. INC.

---

## CORPORATE ACKNOWLEDGMENT

STATE OF _NEW JERSEY_ )
                                       ) SS
COUNTY OF _UNION_ )

BE IT REMEMBERED that on this _29_ day of _JUNE_ 20 _06_, before me, the subscriber(s), personally appeared _ANDA ALVAREZ, PRESIDENT OF C.N.A. ELIZ. INC._ who, I am satisfied, is/are the person(s) who signed the within instrument, and he or she/they acknowledged that he or she/they signed, sealed with the corporate seal and delivered the same as such officer(s) aforesaid, and that the within instrument is the voluntary act and deed of such corporation, made by virtue of a resolution of its Board of Directors. _AND IS AUTHORIZED TO DO SO_

[Notary Public]  _JOSEPH SANTOLIQUIDO_
                      _ATTORNEY AT LAW_
                      _OF N.J._

LASER PRO Lending, Ver. 5.30.00.004  Copr. Harland Financial Solutions, Inc. 1997, 2006.  All Rights Reserved.  - NJ  C:\LPL\WIN\CFI\CFALPL\G14\FC  TR-549  PR-4

ALBERTO ULLOA ESQ                                        Inst.#
1435 MORRIS AVE                                          408878
3RD FLOOR
UNION                                                    Paid
                       NJ 07083
                       Recording Fee   80.00
Mortgage                RT Fee          .00

END OF DOCUMENT

# **EXHIBIT C**

# REAL ESTATE PROPERTY - Income and Expenses

Name : *Anita Alvarez*

Property Address : *1047 - Elizabeth Ave. Elizabeth*

For the Year Ended : *2009*

| INCOME | AMOUNT ($) | EXPENSES | AMOUNT ($) |
|---|---|---|---|
| * Gross Rental Income | | Mortgage Repayment | 3118.29 |
| Apt 1 @ $        /Monthly | 900. | Real Estate Taxes | 931.06 |
| Apt 2 @ $        /Monthly | 1100. | Property Management | — |
| Apt 3 @ $ office /Monthly | 1000. N/0 | Utilities (Electric) water | 215.20 |
| Apt 4 @ $ Store /Monthly | 4400. | Insurance | 530.08 |
| | | Repairs/Maintenance | 150.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Comm. Tenant @ $ | | | |
| Comm. Tenant @ $ | | | |
| **Total** | 7400. | **Total** | 4,944.63 |

* List of tenants, lease expiry date, rent roll, etc.

Prepared by : *Anita Alvarez*

Date : *5 / 12 / 09*

# <u>EXHIBIT D</u>

# REAL ESTATE PROPERTY - Income and Expenses

Name : *Anita Alvarez*

Property Address : *1152 - 1158 - E. Broad St. Elins.*

For the Year Ended : *2009*

| INCOME | AMOUNT ($) | EXPENSES | AMOUNT ($) |
|---|---|---|---|
| * Gross Rental Income | | Mortgage Repayment | $5501.59 |
| Apt 1 @ $      /Monthly | $ 900.00 | Real Estate Taxes | $1459.73 |
| Apt 2 @ $      /Monthly | $ 1,100.00 | Property Management | -- |
| Apt 3 @ $      /Monthly | $ 1,050.00 | Utilities ( Electric ) water for sewer | $ 65.00 |
| Apt 4 @ $      /Monthly | $ 790.00 | Insurance | 424.69 |
| Apt 5 @ $      /Monthly | $ 800.00 | Repairs/Maintenance | 175.00 |
| Apt 6 @ $      /Monthly | $ 750.00 | | |
| Apt 7 @ $      /Monthly | $ 800.00 | | |
| Apt 8 @ $      /Monthly | $ 725.00 | | |
| Apt 9 @ $      /Monthly | $ 700.00 | | |
| Apt C @ $      /Monthly | $ 725.00 | | |
| Apt D @ $      /Monthly | $ 725.00 | | |
| | | | |
| Comm. Tenant @ $ | | | |
| Comm. Tenant @ $ | | | |
| Total | $ 9,015.00 | Total | $ 8026.01 |

* List of tenants, lease expiry date, rent roll, etc.

Prepared by : *Anita Alvarez*

Date : *5 / 11 / 09*